# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

J.V. A MINOR, BY HIS NEXT FRIEND,
LIZBETH ORTIZ, HIS MOTHER,

Plaintiffs,

-vs-                                    Case No.  6:04-cv-1889-Orl-28JGG

SEMINOLE COUNTY SCHOOL BOARD,
KATHLEEN MARY GARRETT,

Defendants.

_____

# ORDER

Plaintiff J.V., a minor, by his next friend Lizbeth Ortiz, alleges, in Count I of his two-count Complaint, that Defendant Kathleen Mary Garrett ("Garrett") violated his constitutional right to due process by subjecting him to excessive corporal punishment.  Plaintiff brings Count II of his Complaint against Defendant Seminole County School Board ("School Board") whom Plaintiff also alleges to have violated his due process rights by tacitly approving Garrett's excessive use of force.  Both counts are brought under 42 U.S.C. § 1983.  This cause is before the Court on motions by both Defendants to dismiss the respective counts alleged against them (Docs. 10 & 29).

## I. FACTS

The following facts are assumed to be true for the purpose of ruling on Defendants' motions.  Plaintiff is a minor who suffers from severe autism.  Due to his disability, Plaintiff

was enrolled as a student at South Seminole Middle School ("South Seminole") and placed in a special education class taught by Defendant Garrett.

While employed as a teacher at South Seminole, Garrett engaged in a pattern of physically abusive behavior toward her students, which culminated in her arrest by Casselberry Police on November 10, 2004. Among the incidents attributed to Garrett are "[h]itting a student on the back of the head with a closed fist because the student wet his pants," "[s]itting on top of a student and pinning him to the ground while he was laying [sic] on the floor," "[g]rabbing a student by the back of the neck after he threw up and shoving his face in the throw up," "'[f]linging' students across the classroom by one of their arms," "excessively and forcefully spanking students who wet their pants to the point it caused red mark[s] on their buttocks," "[s]triking a student in the mouth with her elbow," "tightening [a] student's belt to the point it caused pain," "[p]inning a student against a wall and rubbing her body up and down his while taunting him saying 'Cry for mama, cry for mama, . . . what's the matter you don't like it[?],'" "[t]aking students into the bathroom adjacent to the classroom, closing the door and . . . battering, abusing, and/or excessively restraining the students," and "[s]lamming a student's head into a desk with such force it caused the child's two front teeth to chip and/or be knocked out." Plaintiff does not specifically allege that he was a victim of any of these incidents but generally avers that he was physically restrained, beaten, slapped, and subjected to "excessive corporal punishment." Compl. ¶ 18.

Prior to teaching at South Seminole, Garrett worked for five other schools within the School Board's jurisdiction. Compl. ¶ 22. At each of the five schools, Garrett was accused of abusing students. Id. Following each accusation, the School Board transferred Garrett

to a different school until she was finally transferred to South Seminole. Id. Despite actual knowledge of Garrett's abuses at South Seminole, the School Board failed to take any action against her. Compl. ¶ 17.

## II. MOTION TO DISMISS STANDARD

To warrant dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  In determining whether to grant a motion to dismiss, a court must accept all the factual allegations in the complaint as true and consider all reasonable inferences derived therefrom in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994).

## III. ANALYSIS OF SCHOOL BOARD'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

The School Board contends that the second count of Plaintiff's Complaint should be dismissed, first, because Plaintiff failed to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1451 et seq. and, second, because Plaintiff failed to adequately allege that the School Board engaged in

unconstitutional conduct.[1]   As set forth below, neither of these reasons is sufficient to warrant dismissal of Plaintiff's claim against the School Board.

## A. Exhaustion Under IDEA

The School Board argues that Plaintiff cannot proceed on his claims because he has failed to exhaust the administrative remedies provided for under IDEA.  For this argument, the School Board relies primarily on the Eleventh Circuit's opinion in Babicz v. School Board of Broward County, 135 F.3d 1420 (11th Cir.), cert. denied, 525 U.S. 816 (1998).  In Babicz, the Eleventh Circuit held, consistent with the Second and Seventh Circuits, that "claims

---

[1] The School Board also moved to dismiss Plaintiff's Complaint for lack of jurisdiction on the basis that Plaintiff did not, contemporaneously with the filing of his complaint, request leave of the Court to proceed in this case anonymously.  This part of the School Board's motion to dismiss was previously denied as moot (Doc. 21) after the Court granted Plaintiff's "Unopposed Motion for Leave to Proceed Anonymously" (Doc. 20).  In granting Plaintiff's motion to proceed anonymously, the Court obviously found that it had jurisdiction to do so–a determination which is consistent with the result and reasoning of at least one other district court in this circuit and with other authority.  In Doe v. Barrow County, the court rejected the defendant's position that a motion to proceed anonymously must "be filed contemporaneously with the complaint in order to vest the district court with jurisdiction." 219 F.R.D. 189, 192 (N.D. Ga. 2003).  In making this determination, the Doe court relied, in significant part, on two Eleventh Circuit cases in which the appeals court considered, on the merits, decisions by district courts to deny motions to proceed anonymously "filed in response to . . . motion[s] to dismiss for failure to comply with [Federal Rule of Civil Procedure] 10(a)." Id. (citing Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678 (11th Cir. 2001) (holding that plaintiff should have been permitted to proceed anonymously and remanding so that plaintiff could amend her complaint)); Doe v. Frank, 951 F.2d 320 (11th Cir. 1992).  As the Doe court reasoned, the fact that the Eleventh Circuit–faced with a duty to raise jurisdictional issues sua sponte–twice considered motions to proceed anonymously after the plaintiffs had already filed complaints under pseudonyms suggests that the appeals court does not view Rule 10(a) as imposing a jurisdictional requirement.  See also 2 James Wm. Moore, et al., Moore's Federal Practice § 10.02[2][c][iv] (3rd ed. 2005) ("[T]he leave to proceed anonymously at the same time the complaint is filed.") (citing language in Federal Rule of Civil Procedure 17(a) stating that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest").

asserted under Section 504 [of the Rehabilitation Act] and/or the ADA are subject to [IDEA's] requirement that litigants exhaust . . . IDEA administrative procedures to obtain relief that is available under . . . IDEA before bringing suit under Section 504 and/or the ADA." 135 F.3d at 1421 (relying on 20 U.S.C. § 1415(f)); see also Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 65 (1st Cir. 2002) (finding that IDEA's exhaustion requirement applies to "IDEA-based claim[s]" brought pursuant to § 1983).

The School Board's argument that Plaintiff failed to exhaust IDEA's administrative procedures either misapprehends the nature of Plaintiff's claim or rests on too broad a reading of Babicz. Plaintiff's claim in this case is not that the School Board denied him "a free and appropriate public education," Frazier at 58 (stating the purpose of IDEA), but that the School Board sanctioned the use of excessive force against him in violation of his due process rights. That is, unlike the claims of the plaintiffs in Babicz, Plaintiff's claim in this case is not IDEA-based. Cf. Babicz at 1421 (rejecting plaintiffs' attempt to bring a § 1983 claim based on the defendants' "alleged failure to provide [their disabled children] with equal educational opportunities"); Frazier at 58 n.2 (noting that the plaintiff's § 1983 claim was premised "exclusively upon [her] alleged deprivation of [the] right to a free and appropriate public education). Thus, because Plaintiff is not seeking "relief that is available under . . . IDEA," he had no obligation to exhaust the statute's administrative procedures before bringing his § 1983 claim.

## B. Sufficiency of Plaintiff's Claim Against the School Board

Plaintiff does not allege that the School Board itself used excessive force against him. Rather, Plaintiff's claim against the School Board rests primarily on his allegations that the

School Board failed to take action against Garrett, and even engaged in a coverup of Garrett's abuses, despite knowledge that Plaintiff and other disabled children were being severely abused. Compl. ¶¶ 17, 21-22.

While *respondeat superior* liability does not attach to municipalities in § 1983 cases, a local government or one of its agencies may be held liable "when [the] execution of [the government entity's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent policy, inflicts injury." Mandel v. Doe, 888 F.2d 783, 791 (11th Cir. 1989) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). A government entity's "failure to correct the constitutionally offensive actions of its [employees] may rise to the level of a 'custom or policy' if the [entity] tacitly authorizes . . . or displays deliberate indifference toward" the unconstitutional conduct. Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987).

Contrary to the School Board's contentions that Plaintiff's complaint "does not allege [that it] was on notice of [Garrett's] widespread unconstitutional conduct . . . [or that it] had any knowledge that . . . Garrett had a history of misconduct," the complaint alleges these things and more. Plaintiff not only claims that the School Board had knowledge of Garrett's abuses, he also alleges that the School Board attempted to cover up Garrett's misconduct by transferring her to different schools within its jurisdiction. These allegations, if proven, would establish tacit authorization of Garrett's misconduct by the School Board. Plaintiff has, therefore, succeeded in stating a claim against the School Board under § 1983.

## IV. ANALYSIS OF GARRETT'S MOTION TO DISMISS
## COUNT I OF PLAINTIFF'S COMPLAINT

While Garrett raises a number of grounds for dismissal of Plaintiff's claim against her,

the only ground which merits any analysis is her defense of qualified immunity. Eleventh

Circuit precedent makes clear that heightened pleading requirements apply in civil rights

cases asserted against defendants who may avail themselves of the defense of qualified

immunity. See Passmore Swann v. S. Health Partners, Inc., 388 F.3d 834, 838 (11th Cir.

2004) (clarifying that the heightened pleading standard in civil rights cases is limited to only

those defendants who may claim qualified immunity).[2]  At a minimum, the heightened

pleading standard requires that the complainant allege "relevant facts 'with some specificity."

Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003). The facts, assuming their truth,

must, moreover, be capable of overcoming the defense of qualified immunity. Id. (citing

Veney v. Hogan, 70 F.3d 917, 922 (6th Cir. 1995)).

While Plaintiff's complaint specifically alleges a variety of abuses by Garrett, the proof

of which would likely establish that she violated clearly established law, they are not abuses

which Plaintiff specifically claims to have endured himself.[3]  Insofar as abuses suffered by

Plaintiff are concerned, his complaint contains only general allegations that he was physically

restrained, beaten, slapped, and otherwise subjected to "excessive corporal punishment."

---

[2] This clarification explains why only the usual notice pleading standard applies to Plaintiff's claim against School Board. See Fed. R. Civ. Proc. 8.

[3] Plaintiff's principal purpose in alleging these abuses was presumably to establish that the School Board had notice of Garrett's misconduct.

Compl. ¶ 17. These allegations are simply not sufficiently detailed to allow the Court to make a principled determination of whether Garrett violated clearly established law.

## V. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.   Defendant Seminole County School Board's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 10) is **DENIED**.

2.   Defendant Kathleen Mary Garrett's Motion to Dismiss Count I of Plaintiff's Complaint (Doc. 29) is **GRANTED** and Count I of Plaintiff's Complaint is **DISMISSED**.

3.   Defendant Kathleen Mary Garrett's Motion to Strike Paragraph 20 of Plaintiff's Complaint (Doc. 27) is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this _2 5_ day of May, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

-8-